People v Lockwood (2019 NY Slip Op 06099)





People v Lockwood


2019 NY Slip Op 06099


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-06026
2018-11895
2018-11896
2018-11898
2018-11899
2018-11900

[*1]The People of the State of New York, respondent,
v
Shaquon Lockwood, appellant.
(Ind. Nos. 1069/15, 1134/15, 2007/15, 174/16, 755/16, S.C.I. No. 1698/16) 


Andrew E. MacAskill, Westbury, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from six judgments of the Supreme Court, Nassau County (Christopher G. Quinn, J.), all rendered November 16, 2016, convicting him of attempted murder in the second degree under Indictment No. 1069/15, burglary in the third degree under Indictment No. 1134/15, assault in the second degree under Indictment No. 2007/15, robbery in the first degree under Indictment No. 174/16, attempted bribing a witness under Indictment No. 755/16, and promoting prison contraband in the first degree under Superior Court Information No. 1698/16, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgments convicting the defendant of attempted murder in the second degree under Indictment No. 1069/15, assault in the second degree under Indictment No. 2007/15, robbery in the first degree under Indictment No. 174/16, attempted bribing a witness under Indictment No. 755/16, and promoting prison contraband in the first degree under Superior Court Information No. 1698/16 are affirmed; and it is further,
ORDERED that the motion of Andrew E. MacAskill for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession relating to the appeal from the judgment convicting the defendant of burglary in the third degree under Indictment No. 1134/15 to the appellant's new counsel assigned herein; and it is further,
ORDERED that Jan Murphy, 6 Fenimore Lane, Huntington, New York 11743, is assigned as counsel to prosecute the appeal from the judgment convicting the defendant of burglary in the third degree under Indictment No. 1134/15; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 16, 2018, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
Upon this Court's independent review of the record, we agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal from the defendant's convictions of attempted murder in the second degree under Indictment No. 1069/15, assault in the second degree under Indictment No. 2007/15, robbery in the first degree under Indictment No. 174/16, attempted bribing a witness under Indictment No. 755/16, and promoting prison contraband in the first degree under Superior Court Information No. 1698/16. However, we conclude that nonfrivolous issues exist with respect to the appeal from the defendant's conviction of burglary in the third degree under Indictment No. 1134/15, including, but not necessarily limited to, whether the Supreme Court should have considered youthful offender treatment on that conviction (see People v Rudolph, 21 NY3d 497). Accordingly, assignment of new counsel to prosecute that appeal is warranted.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court